*Longhui Huang v. Barr*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of May, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
                         *Circuit Judges*.[1]

---

LONGHUI HUANG,

                         *Petitioner*,

             v.                                                16-3934

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

                         *Respondent*.

---

Appearing for Petitioner:     Gary J. Yerman, New York, N.Y.

Appearing for Respondent:     Victoria M. Braga, Trial Attorney, Office of Immigration
                              Litigation, U.S. Department of Justice (Chad A. Readler, Acting

---

[1] Judge Robert W. Sweet, the Southern District of New York, sitting by designation, was a member of the panel who heard oral argument in this case. Judge Sweet passed away during the consideration of this matter. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.

Assistant Attorney General, Civil Division, Cindy S. Ferrier, Assistant Director, *on the brief*), Washington, D.C.

Petition for review of a decision of the Board of Immigration Appeals.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is DENIED.

Petitioner Longhui Huang, a native and citizen of the People's Republic of China, seeks review of an October 28, 2016, decision of the Board of Immigration Appeals ("BIA") affirming the December 14, 2015, decision of Immigration Judge ("IJ") Jesse B. Christensen denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re: Longhui Huang*, No. A206 074 192 (BIA Oct. 28, 2016). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Huang seeks asylum, withholding of removal, and protection under the CAT because he fears he will be persecuted for his Christian faith if he is removed to his native China. The IJ found Huang was not credible and concluded that Huang did not have an objectively reasonable fear of persecution. The BIA affirmed.

Under the circumstances of Huang's case, we have reviewed both the BIA's opinion and the IJ's opinion as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). Huang's case is governed by the REAL ID Act, under which "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167. We review the IJ's conclusion under the substantial evidence standard, and the IJ's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Lin*, 534 F.3d at 165-66. Because we conclude that the IJ's determination that Huang failed to establish an objectively reasonable fear of future persecution is supported by substantial evidence, we deny the petition for review.

To demonstrate a well-founded fear of persecution, an applicant must present evidence tending to show either that he would be singled out for persecution if removed to his native country or that there is a pattern or practice of persecution of similarly situated individuals in his homeland. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). The IJ concluded that Huang had not presented evidence that similarly situated individuals were persecuted because the reports Huang provided in support of his claim did not show that Christians were persecuted in Huang's native Fujian province and did not show that non-clergy members were persecuted in China.

Where a policy of persecution is not enforced consistently throughout a country, we require petitioners to present evidence that a policy of persecution is enforced in the regions to which they would be removed. *See Jian Hui Shao v. Bd. of Immigration Appeals*, 465 F.3d 497, 502 (2d Cir. 2006) (deferring to BIA to determine whether China's one-family policy was

applied differently in different regions and thus whether applicants from different regions "should accordingly receive different treatment in asylum proceedings"). China's policy of persecuting Christians is not uniformly followed throughout the country, and Huang has not shown that Christians are persecuted in his native Fujian province. The IJ's determination that the evidence Huang provided did not demonstrate persecution of Christians in the Fujian province was therefore supported by substantial evidence.

We also require petitioners who belong to persecuted groups but are not leaders in those groups to show that group members are also persecuted. *Y.C. v. Holder*, 741 F.3d 324, 334-35 (2d Cir. 2013) (requiring evidence of persecution of pro-democracy members and not just leaders and thus denying asylum). The IJ reasonably concluded that Huang did not present evidence that China persecutes non-clergy Christians. By failing to show that non-clergy members have been persecuted in the Fujian province, Huang has not demonstrated that Christians who are "similarly situated" to him are persecuted. *Hongsheng Leng*, 528 F.3d at 142. Thus, the IJ's conclusion that Huang has not established an objectively reasonable fear of future persecution is supported by substantial evidence.

We have considered the remainder of Huang's arguments and find them to be without merit. Accordingly, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3